# Kennedy *v.* Schwab, Appellant.

*Ejectment—Boundaries—Deeds—Block of lots—Evidence.*

1. In an action of ejectment a verdict and judgment for plaintiff for a strip of land, four-tenths of a foot wide, will be sustained where the evidence tends to show that the plaintiff's and defendant's lots were adjoining lots in a block of lots in which each lot was intended to be forty feet wide, that defendant's lot as occupied by him exceeded that measurement by four-tenths of a foot, that plaintiff's was deficient to that extent, and that a fence had formerly stood on the line claimed by plaintiff and had fallen down from dilapidation.

2. In such a case where it appears that defendant's lot was the last conveyed, it is not error to admit in evidence the conveyances of the several lots, in order to show the order of the conveyances, and the identification of particular lots.

Argued Dec. 10, 1908.  Appeal, No. 167, Oct. T., 1908, by defendant, from judgment of C. P. Northampton Co., Nov. T., 1907, No. 19, on verdict for plaintiff in case of James Kennedy v. Henry M. Schwab.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Affirmed.

Ejectment for a strip of land in Easton, Pennsylvania.  Before STEWART, J.

Verdict and judgment for plaintiff.

*Errors assigned* were (1, 2) in admitting in evidence the deeds referred to in the opinion of the Superior Court, and (3) in refusing binding instructions for defendant.

*George W. Geiser,* for appellant.

*Parke H. Davis,* for appellee.

OPINION BY HENDERSON, J., February 26, 1909:

The appellant's complaint is that the plaintiff failed to establish the location of the line to which he claims, and that the court erred in not giving binding instructions for the defendant. While much of the evidence is indefinite and unsatisfactory we cannot say that the question at issue should not have been submitted to the jury. There is affirmative evidence from which a jury might conclude that the dividing line between the lots of the plaintiff and the defendant was that set forth in the declaration. The plaintiff's title was prior in date, and he testified that in 1873 he built a stone wall on the west side of his lot on the line given him by the surveyor and that he had the east line, the line in dispute, marked according to the grantor's survey. The lot now owned by the defendant was formerly owned by Hugh Reilly, the plaintiff's father-in-law, who acquired title in October, 1873, and the plaintiff testified that he built a fence along the line now claimed by him while he and his father-in-law were adjoining owners and that the fence remained until it fell down from dilapidation. There is also evidence that a stone wall exists on the lot line on the east side of

Center street, which was built about thirty years ago, and that it was recognized by the owner of lot No. 38, as his west boundary. A division fence existing for about twenty-seven years between lots Nos. 40 and 42 and a wall erected about two years later on the line between lots Nos. 44 and 46 correspond with the wall along Center street. On the plaintiff's theory lots Nos. 48, 50, 52 and 54 should have a uniform width of forty feet, and the division line contended for gives each of them that measurement as shown by the plaintiff's surveyors. The lots were laid out in a block by the Lehigh Coal and Navigation Company and were intended to have a uniform width of forty feet. The defendant's lot, as occupied by him, exceeds that measurement by four-tenths of a foot and the plaintiff's is deficient to that extent. On the plaintiff's evidence we think there was a sufficient identification of the line to justify a submission of the question to the jury.

The allegation of a consentable line set up by the defendant was purely one of fact which was not made out to the satisfaction of the jury. The question was clearly and fairly submitted by the learned judge of the court below.

It was not error to admit the conveyances of the several lots contained in the block, for the defendant's was last conveyed and the deeds were competent to show the order of conveyance and the identification of the particular lots. The descriptions were not sufficiently definite to throw much light on the case, but that did the defendant no harm.

The judgment is affirmed.